UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY BARNEY, derivatively on behalf of ACADIA PHARMACEUTICALS INC.,<br><br>                                        Plaintiff,<br>      v.<br>STEPHEN R. DAVIS, *et al.*,<br>                                        Defendants. | Case No. 20-cv-00238-BAS-JLB<br><br>**ORDER:**<br><br>**(1) DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO SEAL [ECF No. 3];**<br><br>**AND**<br><br>**(2) GRANTING JOINT MOTION TO CONTINUE STAY PROCEEDINGS [ECF No. 10]** |

On February 7, 2020, Plaintiff filed a verified stockholder derivative complaint for violations of securities law, breach of fiduciary duty, waste of corporate assets, and unjust enrichment ("Complaint"). (ECF No. 1.) The Court addresses Plaintiff's Motion to Seal (ECF No. 3) and the parties' Joint Motion to Stay Proceedings (ECF No. 10) below.

**I.    MOTION TO SEAL**

Plaintiff has moved to file the Complaint under seal on the basis that Defendant ACADIA Pharmaceuticals, Inc. ("ACADIA") previously represented that certain information used in the Complaint constituted confidential business information. (Mot. to Seal, ECF No. 3.) Plaintiff states that pursuant to a July 19, 2019 Confidentiality Agreement, she is required to request permission of the Court to file the Complaint under seal. (*Id.*)

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)). A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.*

However, although complaints are more than tangentially related to the merits of a case, *see Towers v. Iger*, No. 15-CV-04609-BLF, 2016 WL 6427898, at *2 (N.D. Cal. Oct. 31, 2016), the parties have not proffered any compelling reason for prohibiting disclosure of this information to the public. Plaintiff's vague reference to a confidentiality agreement is not sufficient, by itself, to meet the compelling reasons standard. *See Mohamed v. Kellogg Co.*, No. 14-CV-2449-L-MDD, 2018 WL 4489622, at *2 (S.D. Cal. Sept. 18, 2018). Instead, the parties must provide a factual basis for a request to seal to satisfy the burden. *See In re Qualcomm Litig.*, No. 3:17-CV-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (finding compelling reasons to seal where the parties, through declarations from company officers, "provide[d] the Court with a factual

basis for their claims that disclosing information subject to confidentiality agreements would harm the parties' respective competition standings").

Thus, the Court **DENIES WITHOUT PREJUDICE** Plaintiffs' Motion to Seal. (ECF No. 3.) The party seeking to seal the unredacted portions of the Complaint may file an amended motion that more fully addresses the "compelling reasons" supporting sealing. However, as noted below, the Court is granting the parties' Joint Motion to stay this action. Thus, if the parties request to lift the stay in accordance with the procedures stipulated to below, any amended motion to seal shall be filed **within 7 days** after an order lifting stay is entered into by this Court. The unredacted Complaint shall remain under seal in the interim.

## II.   JOINT MOTION TO CONTINUE STAY

On February 19, 2020, this Court stayed the instant case pending resolution of a motion to dismiss in a related securities class action, *In re Acadia Pharmaceuticals Inc. Securities Litigation*, Case No. 3:18-cv1647-AJB-BGS. (ECF No. 6.) Pursuant to the Court's order, the parties have submitted a status report informing the Court that the issues in the related case are still pending and request a continuance of the stay as a result. (ECF No. 10.)

Good cause appearing, the Court **GRANTS** the Parties' Joint Motion to Continue to Stay Proceedings in this case pending resolution of the motion to dismiss in the related securities class action. Further, the Court **ORDERS** as follows:

1. All proceedings in this Action, including any obligation to respond to the complaint or any amended complaint, and all discovery and disclosure obligations under the applicable local and federal rules, are hereby stayed until (1) the Defendants file an answer in the Securities Class Action, or (2) the Securities Class Action is dismissed with prejudice and all related appeals have been exhausted, or (3) any Party has given a fifteen (15) day written notice to all counsel of record via email that they no longer consent to the voluntary stay of this Action. If any of these events occur, then within forty-five (45) days of the event, the Parties will meet and confer to agree upon a schedule for proceedings in

the action and file a stipulation regarding the same with the Court.

2. Defendants will promptly notify Plaintiff should any other shareholder make a litigation or inspection demand or if they become aware of any additional derivative lawsuits filed in any forum that allege the same or similar misconduct as that alleged in this Action.

3. Notwithstanding this voluntary stay of this Action, Plaintiff may file an amended complaint. Defendants shall not be required to move, answer, plead, or otherwise respond to the Complaint (or any amended complaint) during the pendency of the stay of proceedings.

4. The composition of ACADIA's Board of Directors that will be considered in connection with determining whether Plaintiff's complaint, amended or otherwise, has adequately pled that a pre-litigation demand on the Company's Board of Directors would have been futile shall be the composition of the Board of Directors as of February 7, 2020, the date this action was initiated.

5. By entering into this stipulation, the Parties reserve all of their respective rights, claims, and defenses in this Action, and no part of this stipulation shall be construed as a waiver of any rights, claims, or defenses.

**IT IS SO ORDERED.**

**DATED: July 21, 2020**

Hon. Cynthia Bashant
United States District Judge